**WINNSBORO STATE BANK & TRUST CO.**
**v. HEMLER.**

No. 4321.

Court of Appeal of Louisiana. Second Circuit.

June 5, 1933.

Warren Hunt, of Rayville, for appellant.

T. V. Berry, of Winnsboro, for appellee.

DREW, Judge.

The plaintiff, Winnsboro State Bank & Trust Company, alleged that it is the owner and holder for value before maturity of one promissory note dated May 24, 1929, for the sum of $250, due October 15, 1929, made payable to petitioner and made and subscribed by J. A. Hemler, the defendant herein. It alleged the note to be past due and amicable demand, and prayed for judgment against J. A. Hemler in the sum of $250, with 8 per cent. per annum interest thereon from May 24, 1929, until paid, and for 10 per cent. upon both principal and interest, as attorney's fees, and for reservation of its rights against C. B. Sherrouse and B. S. Landis, indorsers on said note.

The defense is that the note has been paid or discharged by the plaintiff bank at its request receiving from defendant in satisfaction of said note a draft as follows:

"Natchez, Miss., Sept. 3rd, 1929.
"Pay to...Winnsboro State Bank or order $250.00 Two Hundred Fifty....& No/100 .....Dollars
"To M. R. Beltzhoover, Trustee, Natchez, Miss.
"J. A. Hemler."

On these issues the case was tried below, resulting in judgment for plaintiff, as prayed for, and defendant has prosecuted this appeal.

There is really no dispute as to the facts. It appears that M. R. Beltzhoover, J. P. Hawkins, C. B. Sherrouse, B. S. Landis, and others were interested in a wild cat oil operation in the state of Arkansas, and the property was held in the name of M. R. Beltzhoover, trustee. Exactly what the trustee agreement was is not shown by the record. C. B. Sherrouse owned a one-fourth undivided interest in the 600 acres of leases on which the well was being drilled. On May 24, 1929, he sold to defendant herein, J. A. Hemler, a one one hundred twentieth interest in the 600 acres of leases for the price of $250. In payment of this sum, J. A. Hemler made a note, indorsed by C. B. Sherrouse and B. S. Landis, which is the note sued on here.

As time went on, it became necessary to raise more money to complete the drilling operations and an assessment was made against each interest holder. Defendant refused to put up any more money on his interest, and Mr. M. R. Beltzhoover agreed with C. B. Sherrouse to buy up the interests of all those who would not put up any more money, at the same price they had paid for their respective interests. The bank, no doubt acting on this information, notified defendant by letter that if he would send to it a draft on M. R. Beltzhoover for the sum of $250, it would return to him the note it held against him. This letter was received on September 3, 1929, and defendant on the same date prepared the draft as requested, and mailed it to the bank. The draft was sent to the City Bank & Trust Company, Natchez, Miss., by plaintiff and said draft was stamped "paid" on the back, on September 6, 1929. The bank notified him the draft had been paid and requested him to prepare the assignment of his interest, which he did on September 7, 1929, by writing on the foot of the transfer he held from Sherrouse the following:

"For a consideration of $250.00 I hereby assign and sell my entire interest in the above as. set forth herein, unto M. R. Beltzhoover, Natchez, Mississippi.

"Signed at Rayville, La., this 7th day of September, 1929"—

and sent same to the bank. The draft was not paid by Beltzhoover and was returned to plaintiff bank for the reason that the assignment was not in the form required by Beltzhoover, so, on September 10, 1929, the bank sent to plaintiff the following assignment for his signature and did not tell him the draft had not been paid:

"Rayville, La., September 10th, 1929.

"In consideration of the sum of Two Hundred and Fifty-six Dollars paid to me by M. R. Beltzhoover of Natchez, Miss., I hereby sell, convey and deliver my entire interests and holdings in the J. P. Hawkins oil well and acreage to the said M. R. Beltzhoover. Said above described interest and holdings being located in Union County, Ark.

"[Signed]  J. A. Hemler."

This assignment was executed by defendant and returned to plaintiff bank, which was the last time defendant heard of the assignment or draft, until October 7, 1929, when he was notified by the bank that the draft had not been paid and the draft and assignment returned to him.

The record discloses that the draft and last assignment were forwarded to the City Bank & Trust Company, Natchez, Miss., and on September 12, 1929, the draft was again stamped "paid" on the back by said bank. It was also shown said payment was refused because of the improper assignment only. The draft was returned after the 12th of September to plaintiff bank where it remained until September 30, 1929, when it was sent back again and returned by Beltzhoover.

Beltzhoover testified that the only reason he did not pay the draft was because the assignment was not in proper form. If it had been in proper form, the draft would have been paid. He is corroborated in this by the fact that he did accept and pay for like interests from other interest holders as late as September 25, 1929. He would not accept drafts or assignments after that date, due to the fact that the oil project had then proved a failure. Defendant was from September 7, 1929, until October 7, 1929, the date of the return of the draft, resting under the belief that the draft had been paid and his note canceled. This belief was based upon the letter from plaintiff bank stating that the draft had been paid. The bank undoubtedly knew why it had not been paid and failed to notify defendant or to return the draft and assignment. If defendant had been furnished with this information or his draft returned promptly, he could have prepared the proper assignment and secured payment of the draft. The negligence of the bank prevented him from doing this and the bank is liable on the draft. The holding of the draft for practically 30 days by the bank after notifying defendant it had been paid, although it had not been paid, amounts to an acceptance by the bank of the draft in discharge of the note, as per their original agreement with defendant to cancel the note upon receipt of the draft.

We therefore find the judgment of the lower court is incorrect, and it is now ordered, adjudged, and decreed that the judgment of the lower court be reversed and the demands of plaintiff rejected at its cost.